**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **CURTIS DEAN BURTCH, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO.** |
| **v.** | : | **3:21-CV-108 (CAR)** |
| | : | |
| **JAY THOMAS,** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS**

Currently before the Court is Plaintiff Curtis Dean Burtch, Jr.'s Motion to Proceed *In Forma Pauperis* ("IFP") [Doc. 2]. Plaintiff, proceeding *pro se*, seeks to initiate a lawsuit against Officer Jay Thomas. For the reasons explained below, the Court **GRANTS** his Motion to proceed IFP [Doc. 2]. However, if Plaintiff wishes to maintain this action, **he must file a recast Complaint** within twenty-one (21) days of the date of this Order, which will supersede his original Complaint, as hereinafter directed.

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets

such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent serious misrepresentation."[3] Although a litigant need not show he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[4]

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that he cannot pay the court fees because of his poverty. Plaintiff states he has $0.91 in his bank account; he has no assets or debts; and he is "living way below the poverty line."[5] He receives $787.00 per month for disability and has a ten-year-old daughter. Thus, Plaintiff qualifies as a pauper under §1915, and his Motion is **GRANTED** [Doc. 2].

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306, n. 1 (11th Cir. 2004).

[2] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[3] *Id.*

[4] *Id.* (citation omitted).

[5] Doc. 2, p. 5.

**B. Preliminary Screening**

Because Plaintiff is proceeding IFP, the Court is required to screen his Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[6] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[7]

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service of process."[8] As a result, "[d]ismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face'"[9] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[10] However, *pro se* "pleadings are held to a less stringent

---

[6] 28 U.S.C. § 1915(e)(2)(b).
[7] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[8] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).
[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).
[10] *See, e.g.*, *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[11]

As is its duty, the Court has scrutinized Plaintiff's Complaint and liberally construed his assertions.[12] Plaintiff's allegations, in their entirety, are as follows:

> On or about August 30th 2021 someone entered the residents [sic] where im currently staying and sexually assaulted me and broke my cellphone. Also I've been harass [sic] by the Lavonia PD by shining lights inside the residents [sic] on numerous occasions. And online suiveilience [sic] footage would prove those claims.

Plaintiff seeks $1,075,000 in damages.

From these scant allegations, the Court cannot ascertain the nature of the claims Plaintiff attempts to assert against Defendant; if Defendant is the "someone" who Plaintiff alleges entered the residence; how Defendant Jay Thomas specifically caused Plaintiff any harm; or whether any claim would be legally viable in this Court.

In the complaint, Plaintiff cites "(18 U.S.C section 241 242). 4th Amendment right [sic] Sexual Assault and Harassment"[13] as the basis for federal question jurisdiction. First, as Plaintiff admits in his complaint,[14] the statutes cited are federal criminal statutes and do not authorize a private right of action or provide federal question

---

[11] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

[12] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

[13] Doc. 1, p.3.

[14] Doc 1-1, p.2.

jurisdiction for a civil lawsuit. Additionally, Plaintiff has alleged no facts showing there has been a 4th Amendment violation, let alone one specifically committed by Defendant. Finally, Plaintiff offers no federal law which would give the Court federal question jurisdiction over his sexual assault or harassment claims.

As a result, the Court cannot determine a jurisdictional basis for this suit.[15] No facts indicate Plaintiff's claims arise under the Constitution, laws, or treaties of the United States, and therefore it does not appear federal question jurisdiction exists.[16] Even if this Court had jurisdiction over Plaintiff's claims, Plaintiff offered no factual basis showing Defendant committed any of the actions alleged. Thus, even under the most liberal of constructions, Plaintiff's Complaint fails to state any claim for relief.

The United States Court of Appeals for the Eleventh Circuit has "held that when a more carefully drafted complaint might state a claim, a plaintiff must be given at least one change to amend the complaint before the district court dismisses the action with prejudice."[17] Thus, rather than dismiss Plaintiff's Complaint, the Court will allow Plaintiff the opportunity to file a recast Complaint if he wishes to do so.

---

[15] A district court must have "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

[16] 28 U.S.C. § 1331.

[17] *Gary v. U.S. Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 427 (11th Cir. 2010).

The Court notes this is not the first lawsuit Plaintiff has filed in federal court based on similar, if not the same, circumstances. Both prior lawsuits have been dismissed without prejudice.[18] Plaintiff appears to be asserting state law claims, for which a state court would have jurisdiction. If Plaintiff cannot establish this Court has subject matter jurisdiction—and plead sufficient facts to support his claims—the Court must dismiss the case.

In the recast complaint, Plaintiff must describe his claims; allege all facts necessary to support his claims; identify and explain how each Defendant's actions violated his rights and caused him harm. Moreover, Plaintiff must inform the Court how it has subject matter jurisdiction to hear his claim. If the claim arises under federal law, Plaintiff must identify the federal law which authorizes a private right of action supporting his claim.

## CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED.** However, if Plaintiff wishes to proceed on the action, he **MUST** submit a recast Complaint within twenty-one (21) days from the date of this Order. The recast Complaint must be filed in accordance with the directives contained in this Order. If Plaintiff fails to respond within the twenty-one (21) days, the Court will dismiss this action with prejudice.

[18] *See Burtch v. St Mary's Hospital, et al*, 3:21-CV-89-CAR; *Burtch v. Westbrook, et al*, 3:20-CV-131-CDL-MSH.

Upon receipt of any amended complaint, the Court will re-evaluate the Complaint pursuant to 28 U.S.C. § 1915(e). **There will be no service of process until further order from the Court**.

**SO ORDERED**, this 23rd day of September, 2021.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT