IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **CURTIS DEAN BURTCH, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO.** |
| v. | : | **3:21-CV-108 (CAR)** |
| | : | |
| **JAY THOMAS,** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER DISMISSING PLAINTIFF'S RECAST COMPLAINT**

Before the Court is *pro se* Plaintiff Curtis Dean Burtch, Jr.'s Recast Complaint against Defendant Officer Jay Thomas. For the reasons explained below, the Court **DISMISSES with prejudice** Plaintiff's Recast Complaint [Doc. 4].

On September 23, 2021, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* but did not allow his Complaint to be served because he failed to provide sufficient allegations from which the Court could ascertain the nature of his claims, whether any claim would be legally viable, or whether this Court had subject matter jurisdiction to consider his claims. Plaintiff alleged the following:

> On or about August 30th 2021 someone entered the residents [sic] where im currently staying and sexually assaulted me and broke my cellphone. Also I've been harass [sic] by the Lavonia PD by shining lights inside the residents [sic] on numerous occasions. And online suiveilience [sic] footage would prove those claims."[1]

---
[1] Doc. 1, p. 4.

1

Rather than dismiss the Complaint, the Court allowed Plaintiff the opportunity to file a recast complaint. This Court informed Plaintiff that he "must describe his claims; allege all facts necessary to support his claims; identify and explain how each Defendant's actions violated his rights and caused him harm"; and "inform the Court how it has subject matter jurisdiction to hear his claim."[2] Plaintiff timely filed a recast complaint.

Because Plaintiff is proceeding *IFP*, the Court is required to screen his Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[3]

In his Recast Complaint, Plaintiff claims the Court has jurisdiction pursuant to 28 U.S.C. § 1346, which confers jurisdiction over cases in which the United States is defendant. The Court has no jurisdiction under 28 U.S.C. § 1346. Section 1346 provides federal courts "exclusive jurisdiction of civil actions on claims against the United States . . . for personal injury or death . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[4] Officer Thomas is an officer of the Lavonia Police Department and is not a unit or agency of the United States government.

---

[2] Doc. 3, p. 6.
[3] 28 U.S.C. § 1915(e)(2)(b).
[4] 28 U.S.C. § 1346(b)(1) (emphasis added).

Construing Plaintiff's Recast Complaint liberally because of his *pro se* status, Plaintiff appears to be asserting a claim under 42 U.S.C. § 1983 against Officer Thomas. Under such liberal construction, the Court has federal question jurisdiction over Plaintiff's claims.[5]

Although the Court has subject matter jurisdiction over § 1983 claims, Plaintiff fails to state a plausible claim in his Recast Complaint. Plaintiff alleges:

> "On or about August 30, 2021 I, the plaintiff was in a dead sleep and woke up to flashing lights of a Lavonia, Police Department cruiser by the residents [sic] where the plaintiff resides. However I was sexually assault [sic] by an unknown person and later I notice [sic] my cell phone was heavily damage [sic], but it's [sic] still works just for the radio and youtube.
>
> However the plaintiff went to the Lavonia P.D. later that day to file a complaint and and the Lavonia P.D. dispatch informed me that Officer Jay Thomas was on duty that given day or night
>
> Meanwhile I thought that was very unusual for a officer to shine lights on a resident that time of morning if your [sic] in the bed sleep. Even though it appears to be a drug infested area.
>
> This is not the first time that an officer of the Lavonia P.D. has shine [sic] a light through the Black community."[6]

---

[5] 28 U.S.C. § 1331.

[6] Doc. 4, p. 2.

In the order to recast, the Court informed Plaintiff that the recast complaint must "describe his claims; allege all facts necessary to support his claims; identify and explain how each Defendant's actions violated his rights and caused him harm."[7] Plaintiff failed to do so.

Even under the broadest constructions, Plaintiff's Recast Complaint is wholly insufficient to state any actionable claim—including a claim under § 1983. In the Recast Complaint, Plaintiff alleges he was "sexually assault [sic] by an unknown person."[8] Plaintiff does not allege Officer Thomas was the individual who entered his home, sexually assaulted him, or damaged his phone. The circumstantial allegation that "Officer Jay Thomas was on duty that given day or night"[9] does not provide the sufficient factual basis required to support any viable claim for relief.

Plaintiff's Complaint is hereby **DISMISSED with prejudice** for failure to state a claim.

**SO ORDERED**, this 12th day of October, 2021.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[7] Doc. 3, p. 7.
[8] Doc. 4, p. 2.
[9] *Id*.